**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard GRESSO, Jr., Defendant– Appellant.**

**No. 93–2095.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 17, 1993.

Decided May 6, 1994.

Andrew B. Baker, Jr., Asst. U.S. Atty. (argued), Dyer, IN, for U.S.

Rita Parsons (argued), McLaughlin, Simpson, Eberhard & Hoke, Goshen, IN, for defendant-appellant.

Before PELL, CUDAHY and EASTERBROOK, Circuit Judges.

CUDAHY, Circuit Judge.

Richard Gresso pleaded guilty to a one-count information charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Gresso appeals his sentence. He argues that the sentencing court should have applied USSG § 2K2.1(b)(2), which allows a reduction in the base offense level if the firearms were possessed solely for lawful sporting purposes or collection.

### I.

When a search warrant was executed at the residence of Richard Gresso, agents of the Bureau of Alcohol, Tobacco & Firearms discovered a loaded Raven .25 caliber pistol in an ankle holster on the top of a bookcase in Gresso's living room. Agents also found explosives, five rifles, one shotgun and 1100

rounds of ammunition, mostly .22 caliber. The agents confiscated the firearms and ammunition.

Gresso entered a plea of guilty to a one-count indictment that charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Gresso's prior felony convictions were for theft and illegal storage of explosives; the two convictions resulted from a single arrest in 1974.

Gresso initially stated that the Raven pistol belonged to his father. He claimed that he and his father had been target shooting and that his father had left the pistol in Gresso's truck. Later Gresso explained that the pistol belonged to his father and that his estranged wife, who had moved to Florida three months earlier, had used the pistol for self-protection. He further explained that his wife had left the pistol behind when she moved and that he had forgotten about it. Gresso admitted that he had purchased the rifle without disclosing his status as a convicted felon. He also admitted that he had completed a firearms license in his father's name and subsequently sold approximately twenty-five weapons through his father's business, the Coin & Pinball Gallery. Gresso had signed out one of the shotguns from the store.

The sentencing court determined that the appropriate base offense level was 14 under USSG § 2K2.1(a)(6). The court imposed a two-level increase under § 2K2.1(b)(1)(B) for the number of firearms involved and reduced the offense level by three levels for acceptance of responsibility pursuant to § 3E1.1. With an offense level of 13 and a criminal history category of I, the resulting sentencing range was 12 to 18 months. The court imposed a sentence of twelve months and one day.

Gresso argued for a reduction in the base offense level under § 2K2.1(b)(2) (relating to sporting weapons). The sentencing court refused, finding that the Raven pistol was not a "sporting weapon." The court also found that surrounding circumstances—Gresso's dealing in weapons, an arrest on March 9, 1992, for carrying a handgun without a permit and the amount of ammunition found in his home—did not support a reduction under the sporting exception.

## II.

■ Gresso's sole argument on appeal is that the sentencing court should have reduced the base offense level of his sentence to 6, pursuant to USSG § 2K2.1(b)(2). Gresso believes that he possessed all the weapons solely for lawful purposes and did not unlawfully discharge or use any weapon. Section 2K2.1(b)(2) provides that "[i]f the defendant ... possessed all ammunition and firearms *solely for lawful sporting purposes or collection,* and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level ... to level 6." USSG § 2K2.1(b)(2) (emphasis added). The defendant bears the burden of proving by a preponderance of the evidence that the firearm was possessed solely for sporting purposes or collection. *United States v. Cousens,* 942 F.2d 800, 802 (1st Cir.1991); *United States v. Wyckoff,* 918 F.2d 925, 928 (11th Cir.1990); *see United States v. Kissinger,* 986 F.2d 1244, 1246 (8th Cir.1993); *United States v. Morrison,* 983 F.2d 730, 733 (6th Cir.1993). Gresso concedes that he did not possess the pistol for sporting purposes or collection. Nevertheless, he contends that the court should have extended § 2K2.1(b)(2) to apply to his sentence because he possessed the firearms for what he considers the lawful purpose of self-protection and he never unlawfully discharged or used the firearms.

Gresso asserts that, rather than making a determination of whether a firearm was "literally" possessed exclusively for "sporting purposes or collection," the court should examine the circumstances surrounding the possession, as discussed in Application Note 10 [1] of § 2K2.1. He argues that "sporting

---

1. Application Note 10 states:
   Under subsection (b)(2) [of 2K2.1], "lawful sporting purposes or collection" as determined by the surrounding circumstances, provides for a reduction to an offense level of 6. Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (*e.g.,* prior convic-

purposes" and "collection" are merely examples of mitigating circumstances deserving of a reduction and urges this court to look beyond the explicit words in the Guidelines and examine the "true basis" for the reduction: lawful and peaceable possession. In effect, Gresso seeks refuge under a provision that allows a reduction for firearms possessed "solely for lawful sporting purposes or collection" while arguing that "the sentencing court's only reason for not allowing the defendant a reduction was that this was not sport, recreation or collection." Appellant's Br. at 9. This is a contradiction that Gresso is unable to dispel.

Although there is no direct Seventh Circuit authority on § 2K2.1(b)(2), other circuits in considering the scope of this provision have demanded strict compliance with the requirements of the guideline. A firearm must have been acquired solely for sporting purposes or collection, *and* it must be possessed or used solely for sport or collection. The two listed uses, sporting purposes and collection, exhaust this excepted category. The First Circuit has held that, although self-defense is lawful in appropriate circumstances, it is not covered by § 2K2.1(b)(2). *Cousens*, 942 F.2d at 803. The court suggested that interpreting the Guidelines to allow a self-defense reduction might result in self-defense claims overwhelming the explicit category of sport and collection. *Id.* In *United States v. Wilson*, the Sixth Circuit declared that "the only 'intended lawful use' which would support a decrease in the offense level is sport or recreation." 878 F.2d 921, 924 (6th Cir.1989).[2] The defendant in *Wilson* held a gun as collateral for payment for an automotive repair job. Gresso points to *Wilson* as a bad outcome and urges us to extend the definition of the intended uses beyond a "literal reading" of the Guidelines in order to avoid such an "unjust result." Appellant's Br. at 9.

■ Gresso seems to base his argument on cases in which a firearm was acquired for sporting purposes or collection but a dispute arose over whether it was currently pos-

sessed or intended for that sole lawful purpose. In particular, Gresso points to *United States v. Shell,* 972 F.2d 548 (5th Cir.1992), where the Fifth Circuit articulated a need for examining the surrounding circumstances and for determining whether possession was actually lawful. But Gresso fails to acknowledge that in *Shell* the court specifically found that "lawful recreation or collection … must be the *sole* intended uses." 972 F.2d at 553. The other circuits are in accord: not only must a firearm be of a type that would be acquired for sporting uses or for collection, but it must also be possessed or used solely for those purposes. A firearm taken from a lawful hunting collection for use as personal protection is not covered by § 2K2.1(b)(2). *Kissinger,* 986 F.2d 1244; *Morrison,* 983 F.2d 730 (hunting gun carried in concealed fashion in a shoulder holster was not possessed solely for hunting purposes); *United States v. Uzelac,* 921 F.2d 204, 206 (9th Cir. 1990) (loaded shotgun kept on display rack is in "a condition perhaps more consistent with use for personal protection than use as a hunting weapon"); *Wyckoff,* 918 F.2d 925 (loaded high powered hunting rifle possessed for self-defense or self-protection will not qualify for reduction); *United States v. Smeathers,* 884 F.2d 363 (8th Cir.1989) (rifle obtained and previously used for hunting purposes, which was actually used for the purpose of venting anger, did not meet the requirements of lawful acquisition and lawful possession).

Because we conclude that § 2K2.1(b)(2) does not extend to uses beyond sporting and collection, we need not consider whether the discussion of surrounding circumstances in Application Note 10 could be of assistance to Gresso. 18 U.S.C. § 922(g) provides that convicted felons may not possess firearms. A defendant who possesses a firearm for sporting uses or collection still violates § 922, but the Sentencing Commission allows a reduction in *penalty* for certain types of possession; these favored uses do not include

tions for offenses involving firearms), and the extent to which possession was restricted by local law....

2. Prior versions of the provision stated that the reduction applied to "sport or recreation." It was subsequently amended to read "lawful sporting purposes or collection." USSG App. C No. 189.

self-protection. It is easy to understand why self-protection is not included. Attempting to distinguish as a practical matter between defensive and potentially offensive purposes might be next to impossible. Gresso has conceded that the Raven pistol was not acquired, nor was it being used, for sporting purposes or collection. Therefore, the district court properly denied the reduction.

AFFIRMED.