**UNITED STATES of America, Appellee,**

v.

**Jonah HALPIN, Defendant–Appellant,**

**No. 579, Docket 96–1325.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 21, 1996.

Decided Nov. 29, 1996.

Thomas A. Zonay, Rutland, VT (David B. Perry, Carroll, George & Pratt, Rutland, VT, of counsel), for Defendant–Appellant.

Paul J. Van De Graaf, Assistant United States Attorney for the District of Vermont, Burlington, VT (Charles A. Tetzlaff, United States Attorney, John M. Conroy, Assistant United States Attorney, David V. Kirby, Chief, Criminal Division, Burlington, VT, of counsel), for Appellee.

Before: CARDAMONE and
CALABRESI, Circuit Judges, and
POOLER, District Judge.*

PER CURIAM.

Defendant-appellant Jonah Halpin appeals from an 18–month sentence of the United States District Court for the District of Vermont (Billings, *J.*) imposed on May 16, 1996, after he pled guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g).

The firearm in question, a nine-millimeter pistol, was purchased at Halpin's insistence by his girlfriend. Halpin told police that the gun was purchased because of his concern for the safety of his girlfriend and her small child, with whom Halpin resided, after Halpin was involved in violent altercations in their neighborhood. He claims to have trained his girlfriend in the defensive use of the weapon at a shooting range, but claims that his own possession and use of the gun was always recreational.

On July 4, 1995, after a day of drinking and target shooting, Halpin and some friends were at his home when Halpin retrieved the pistol in order to clean it. A friend asked to see the gun, then shot himself with it. Halpin's supervised release on a prior conviction was revoked after the investigation of the suicide incident revealed his possession of the firearm, and he also pled guilty to the firearm possession charge which is the subject of this appeal. Halpin was sentenced to 18 months imprisonment, three years supervised release, and a $50 special assessment.

■ Halpin challenges the sentence, arguing that the district court erred in refusing to apply the lawful sporting purposes provision in calculating his sentence. That provision, U.S.S.G. Section 2K2.1(b)(2), allows a reduc-

---

* The Honorable Rosemary S. Pooler, of the United States District Court for the Northern District of New York, sitting by designation.

tion in sentence where a defendant possessed a firearm "solely for lawful sporting purposes or collection." We reject Halpin's challenge.

The district court found that Halpin possessed the gun for his own protection, based on the defendant's own statements to police after the suicide incident, and therefore held that the sporting use provision did not apply to Halpin's sentencing. There is enough evidence in the record to support the district court's finding. *See* 18 U.S.C. § 3742(e) (sentencing court's factual findings reviewed for clear error); *United States v. Brumby,* 23 F.3d 47, 49 (2d Cir.), *cert. denied,* 513 U.S. 896, 115 S.Ct. 250, 130 L.Ed.2d 171 (1994). Halpin's statements to police suggest that Halpin possessed and used the gun because he feared for his own safety, as well as for that of his girlfriend and her child, after he was involved in several violent altercations near his home.

Possession or use of a gun for purposes of personal protection does not qualify a defendant for a sentence reduction under U.S.S.G. Section 2K2.1(b)(2). *See, e.g., United States v. Gresso,* 24 F.3d 879, 881 (7th Cir.1994); *United States v. Wyckoff,* 918 F.2d 925, 928 (11th Cir.1990). The First Circuit has also held that a defendant who purchased a gun to enable his wife to defend herself was not eligible for the sporting purpose reduction. *See United States v. Cousens,* 942 F.2d 800, 803–04 (1st Cir.1991). We find that decision persuasive. Because Halpin has conceded that protection, of himself or another, was one reason for his possession of the gun, he cannot be heard here to argue that the sole reason for his possession of the gun was sporting. *See Gresso,* 24 F.3d at 881 (holding that sport or recreation must be sole purpose for use or possession of weapon for 2K2.1(b)(2) to apply); *United States v. Shell,* 972 F.2d 548, 553 (5th Cir.1992) (same). Halpin therefore failed to meet his burden of proving eligibility for a 2K2.1(b)(2) reduction by a preponderance of the evidence. *See Cousens,* 942 F.2d at 802 (collecting cases).

The sentence of the district court is affirmed.