United States Court of Appeals, Eleventh Circuit.

No. 96-6179.

UNITED STATES of America, Plaintiff-Appellee,

v.

Ephriam BRISTOW, Defendant-Appellant.

April 18, 1997.

Appeal from the United States District Court for the Middle District of Alabama. (No. cr-95-191-N), W. Harold Albritton, III, Judge.

Before BIRCH, Circuit Judge, RONEY, Senior Circuit Judge, and HANCOCK[*], Senior District Judge.

PER CURIAM:

In this appeal, we determine whether possession of a firearm by a convicted felon solely for delivery as collateral for a loan can be the basis for a downward departure from the applicable Sentencing Guidelines range for violating 18 U.S.C. § 922(g)(1). The district court concluded that it did not have the discretion to depart downward. We affirm.

## I. BACKGROUND

In the summer of 1994, defendant-appellant, Ephriam Bristow, who lived with his parents in their home, was in debt. He needed money to pay overdue bills and his child support obligations. On July 22, 1994, Bristow took his father's unloaded and lawfully owned Smith and Wesson, Model 13-2, .357 Magnum revolver and pawned it at Quik Pawn Shop in Montgomery, Alabama. On August 3, 1994, in an attempt to retrieve the handgun that he had pawned, Bristow completed a gun registration form and represented that he was not

_____

[*]Honorable James H. Hancock, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

prohibited from possessing a firearm under federal law because he had not been convicted of a felony.  Bristow was not permitted to redeem the revolver because, during the waiting period, it was discovered that he had pled guilty in Montgomery County Circuit Court to possession of a controlled substance in 1992, for which he was sentenced to three years of imprisonment.[1]  On August 29, 1995, Bristow was indicted in a two-count indictment.  Count I of the indictment charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Count II charged him with making a false statement in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6).  Bristow pled guilty to Count I;  Count II was dismissed by the government.

At his sentencing hearing on February 8, 1996, Bristow proffered and the district court accepted the following facts:  (1) Bristow possessed only one firearm, a handgun;  (2) the firearm possessed by Bristow was owned lawfully by his father;  (3) Bristow did not possess any ammunition;  (4) Bristow possessed the firearm for the minimal time that it took for him to carry the weapon from his family home to a neighborhood pawn shop;  (5) when Bristow pawned the firearm, he gave correct information concerning his identity, his address, and his telephone number;  (6) Bristow did not use or intend to use the firearm for any unlawful purpose;  (7) Bristow did not possess the weapon for self-defense or self-protection;  and (8) Bristow had never been convicted of an

_____

[1]This sentence was suspended, and Bristow was released on probation for two years.

offense involving firearms. Based on these facts purportedly comprising innocent possession, Bristow requested a downward departure under U.S.S.G. § 5K2.0, p.s.[2] He argued that the use of a firearm as collateral for a loan was not considered by the Sentencing Commission in formulating the Sentencing Guidelines and that the facts of this case warranted a departure.

Based on U.S.S.G. §§ 2K2.1 and 5K2.0, p.s., the district judge explained his reasons for concluding that he was precluded from according Bristow a downward departure:

> I have given long and serious thought to this and that is the reason I wanted to take a recess so I could think about it, look at it, consider it. I have listened to the argument of counsel. Having done so, I find that I am not able to reduce this and depart below the Guidelines.

> I find that, first, I would have to say that there exists mitigating circumstances of the kind and to the degree not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. I don't think that is the case. I think the Sentencing Commission took into consideration the idea of innocent possession. I think that they addressed the issue of innocent possession of a firearm in adopting the provision in 2K2.1 that provides for a downward departure in the event that the person possesses a firearm solely for lawful sporting purposes or collection. And at one time recreation.

> ....

---

[2]In relevant part, U.S.S.G. § 5K2.0, p.s., provides:

> Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

U.S.S.G. § 5K2.0, p.s. (quoting 18 U.S.C. § 3553(b)); *see* U.S.S.G. Ch. 1, Pt.A. (n. 4(b)) (describing how the sentencing court should conduct the inquiry under 18 U.S.C. § 3553(b)).

Therefore, I find that the argument made by the defense, while certainly a good argument, is not an argument that allows me to depart from the Guidelines under the rules that we have.

I can also understand why the Sentencing Commission would do that. Because to allow the Court to take into consideration the nature of an innocent use would certainly make it a fact issue in many, many cases where Congress has chosen simply to make it a federal criminal offense for a convicted felon to possess a firearm.

So, as much as ... one may feel sympathetic toward this defendant under the circumstances, I do not believe that I have the discretion to depart from the Guidelines. Because I believe that the nature of the use that exists in this case is within the type of things that were considered by the Sentencing Commission in formulating the Guidelines.

For purposes of appeal, I would make it clear that I am not exercising my discretion not to depart downward with the idea that I could if I wanted to. I am not departing downward because I do not feel that I have the discretion to.

....

Having said that, I have given this much consideration and I think I am correct in this; that it is not the type thing that this Court has authority to depart downward for.

I will, however, take the arguments made by counsel into consideration in setting the sentence and will sentence this defendant to the minimum sentence provided in the Guidelines.

Therefore, I overrule the objection filed by the defense and also deny the request for a downward departure.

R3-28-30.

Although he did not depart downward, the district judge sentenced Bristow to the minimum sentence of twelve months and a day of imprisonment under U.S.S.G. § 2K2.1.[3] On appeal, Bristow argues that the district court erred in concluding that it had no authority to depart downward based on the factors involved with his

[3]The applicable Sentencing Guidelines range was twelve to eighteen months based on Bristow's base offense level of 12, reduced two levels for acceptance of responsibility, and his criminal history category of II.

possessing the firearm for the sole purpose of using it for collateral.

## II. DISCUSSION

We review departure decisions by district courts for abuse of discretion. *Koon v. United States,* --- U.S. ----, ----, 116 S.Ct. 2035, 2046, 135 L.Ed.2d 392 (1996); *United States v. Taylor,* 88 F.3d 938, 945 (11th Cir.1996). In *Koon,* the Supreme Court established the analysis for determining whether to depart from an applicable Guidelines sentence:

> "1) What features of this case, potentially, take it outside the Guidelines' "heartland' and make of it a special, or unusual, case?
>
> 2) Has the Commission forbidden departures based on those features?
>
> 3) If not, has the Commission encouraged departures based on those features?
>
> 4) If not, has the Commission discouraged departures based on those features?"

*Koon,* --- U.S. at ----, 116 S.Ct. at 2045 (quoting *United States v. Rivera,* 994 F.2d 942, 949 (1st Cir.1993)).[4]

---

[4]We realize that *Koon* was decided on June 13, 1996, and that Bristow was sentenced on February 8, 1996. "The sentencing court must employ the guidelines in effect at the time the sentencing hearing is held." *United States v. Camacho,* 40 F.3d 349, 354 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1810, 131 L.Ed.2d 735 (1995). The United States Sentencing Commission Guidelines Manual, effective November 1, 1995, is the operative version for Bristow's sentencing and the one that we use. The dispositive policy statement in this appeal, U.S.S.G. § 5K2.12, p.s., became effective on November 1, 1987. *Id.; see Williams v. United States,* 503 U.S. 193, 200-01, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992) (holding that a Sentencing Guidelines policy statement is an authoritative interpretive guide to the meaning of an applicable guideline). We additionally note that the same version of the United States Sentencing Commission Guidelines Manual was used by the Supreme Court in *Koon* and that the four-part analysis for departure decisions that the Court adopts therein is from *Rivera,* a First Circuit case decided on June 4,

Although the facts presented by Bristow at his sentencing to show that his alleged innocent possession of a handgun as a convicted felon may constitute superficial arguments for classifying his case as special or unusual with respect to heartland cases, clearly the underlying, motivating reason that he possessed the firearm was for an economic purpose to assist him in paying his financial obligations.[5]  Thus, his arguments for

1993.  *Koon,* --- U.S. at ----, 116 S.Ct. at 2045.  Therefore, *Koon* and its analysis for departure decisions is clarifying commentary on the Sentencing Guidelines existent at the time of Bristow's sentencing.  *See Camacho,* 40 F.3d at 354 ("Clarifying amendments are amendments to the commentary of the sentencing guidelines, and are considered by this court in interpreting the guidelines, even when the defendant was sentenced before the effective date of the amendments.").

[5]Confronting the argument that possession of a revolver by a convicted felon as collateral for a loan constituted aberrant behavior justifying a downward departure, the Fifth Circuit found this contention to be unavailing:

> Even if [the defendant-appellant] possessed the gun only as collateral, this suggests a conscious and deliberate act and not an aberrant or exceptional one.
>
> The Sentencing Commission has explained that departures are appropriate, "[w]hen a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm...."  U.S.S.G. Ch. 1, Pt. A(4)(b), intro. comment.  [The defendant-appellant's] possession of the firearm is not the type of exceptional circumstance warranting departure.

*United States v. Burleson,* 22 F.3d 93, 94 (5th Cir.) (per curiam), *cert. denied,* --- U.S. ----, 115 S.Ct. 283, 130 L.Ed.2d 199 (1994).  Under a former version of the Sentencing Guidelines, the Sixth Circuit concluded that possession of a firearm by a convicted felon as collateral for payment owed him did not qualify for departure as "innocent possession" under U.S.S.G. § 2K2.1(b)(2), which then excepted only sport or recreation possession, evidenced by the limiting modifier "solely."  *United States v. Wilson,* 878 F.2d 921, 924-95 (6th Cir.1989); *accord United States v. Wyckoff,* 918 F.2d 925, 928 (11th Cir.1990) (per curiam).  All of these cases, however, are pre-*Koon* analyses.

downward departure fail under the second consideration of the *Koon* analysis because "[t]he Commission considered the relevance of economic hardship and determined that personal financial difficulties and economic pressures upon a trade or business do not warrant a decrease in sentence."  U.S.S.G. § 5K2.12, p.s.[6]; *see* 18

---

We also distinguish this case from the cases in our circuit involving violation of the National Firearms Act, 26 U.S.C. § 5861(d), for possession of unregistered, sawed-off shotguns, an offense separate from possession of *any* firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), implicated in this case. *See United States v. Godfrey,* 22 F.3d 1048 (11th Cir.1994);  *United States v. Hadaway,* 998 F.2d 917 (11th Cir.1993).  In the former cases, the *object* of the possession, the unregistered, sawed-off shotgun, causes the possession to be unlawful.  In this case, the classification of the *possessor* as a convicted felon causes the possession to be unlawful.

> Section 922(g) targets a specific class of individuals—convicted felons.  It provides that they shall not possess *any firearm,* regardless of the status of the firearm.
>
> ....
>
> Congress promulgated 18 U.S.C. § 922(g) on the premise that convicted felons have a greater propensity to commit crimes using firearms.  It therefore categorically sought to remove firearms from their hands.

*United States v. Mobley,* 956 F.2d 450, 454 (3d Cir.1992); *see also United States v. Elder,* 16 F.3d 733, 738 (7th Cir.1994) ("We have found no case that has allowed a defendant ... to claim as a defense that he, as a convicted felon, took possession of an illegal weapon for the innocent purpose of turning it over to the proper authorities."). Significantly, Bristow has never contended that he did not violate 18 U.S.C. § 922(g)(1) in possessing a firearm as a convicted felon.  Furthermore, he purposely lied when he represented on the registration form that he had not been convicted of a crime that would preclude him from obtaining a firearm.

[6]The Supreme Court has explained the relation between guidelines and policy statements:

> Construing the plain language of the Guidelines Manual

U.S.C. § 3553(a)(5) (requiring the district court when determining a particular sentence to consider "*any pertinent policy statement issued by the Sentencing Commission ... that is in effect on the date the defendant is sentenced*" (emphasis added)).  "If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departure." *Koon,* --- U.S. at ----, 116 S.Ct. at 2045; *Taylor,* 88 F.3d at 945.  The district judge correctly determined that he was without discretion to grant Bristow a downward departure, although he did not base his decision on section 5K2.12, p.s., where the Sentencing Commission specifically states that "economic hardship" and "personal financial difficulties" do not warrant a downward departure. [7]

---

..., we conclude that it is an *incorrect application of the Guidelines* for a district court *to depart* from the applicable sentencing range based on a factor that the Commission has already fully considered in establishing the guideline range or, as in this case, *on a factor that the Commission has expressly rejected as an appropriate ground for departure.*

....

[T]o say that guidelines are distinct from policy statements is not to say that their meaning is unaffected by policy statements. *Where,* as here, *a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable Guideline.* An error in interpreting such a policy statement could lead to an incorrect determination that a departure was appropriate.

*Williams,* 503 U.S. at 200-01, 112 S.Ct. at 1119 (emphasis added).

[7]Although Bristow and the government presented arguments on the issue of whether any innocent possession of a firearm by a convicted felon, other than for collection or sporting purposes, can ever provide the basis for a downward departure, the district court did not reach that issue.

U.S.S.G. § 5K2.12, p.s.  When a convicted felon, who is in debt with overdue bills and child support obligations, uses a relative's firearm as collateral for a loan, that firearm possession is related directly to "personal financial difficulties" and clearly is based on the type of "economic" motivation addressed in section 5K2.12, p.s.  *Id.*  Therefore, departure was precluded under the Sentencing Guidelines and the *Koon* analysis.

## III. CONCLUSION

On appeal, Bristow argues that the district judge should have accorded him a downward departure in his sentence for possessing a firearm as a convicted felon because he contends that his possession was innocent, since he pawned the revolver as collateral so that he could pay his debts.  As we have explained, the district judge lacked authority to depart downward because the Sentencing Guidelines specifically forbid a downward departure for economic reasons.  Accordingly, Bristow's sentence is AFFIRMED.