United States Court of Appeals,

Eleventh Circuit.

No. 96-3277

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellant, Cross-Appellee,

v.

Cornell WILLIS, Defendant-Appellee, Cross-Appellant.

April 20, 1998.

Appeals from the United States District Court for the Northern District of Florida. (No. 4:95-CR-04060-004), Wilbur Stafford, Judge.

Before COX, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Cornell Willis was convicted of possession with intent to distribute cocaine base, in violation

of 21 U.S.C. § 841(b)(1)(C). At sentencing, the district court departed downward under U.S.S.G.

§ 5K2.0, and sentenced Willis to thirteen months imprisonment in order to prevent disparate

sentences between co-defendants. The Government appeals, contending the district court abused

its discretion in departing downward, and requests remand for resentencing within the applicable

Guideline range of 41 to 51 months. Willis cross-appeals, contending the evidence was insufficient

to support his conviction.[1]

Willis' brother and co-accused, Cordell Willis, pleaded guilty, with the United States'

concurrence, pursuant to a plea agreement with the state of Florida, to state charges of possession

of cocaine with intent to sell and was sentenced to time served and five years probation. The

---

[1]We affirm Willis' conviction without discussion. *See* 11th Cir. Rule 36-1.

Government dismissed all pending federal charges against Cordell Willis. Based on the disparity in sentences imposed on brothers of roughly equal culpability for the same offense conduct, the district court opined that a downward departure was warranted in order to achieve parity. The Government contends that the district court may not depart downward in order to reconcile disparity between federal and state sentences among codefendants because such departures create system-wide disparities among federal sentences. We agree.

Generally, a sentencing court must impose a sentence within the range provided for by the guidelines unless it finds there exists "a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *See* U.S.S.G. § 5K2.0 (policy statement) (1995) (quotations omitted). We conduct our analysis according to the four-part test established in *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), which sets out the following questions:

(1) What features of the case make it outside the guidelines' "heartland" and make it special or unusual?

(2) Has the Commission forbidden departure based on those features?

(3) If not, has the Commission encouraged departure based on those features?

(4) If not, has the Commission discouraged departure based on those features?

*See United States v. Bristow,* 110 F.3d 754, 757 (11th Cir.1997). The guidelines do not comment on disparate federal and state sentences imposed upon codefendants; therefore, we must determine whether this factor takes this case out of the "heartland" of the guidelines.

2

This court has recently held that a departure based on a theoretical sentence that a defendant might have received had he been prosecuted in state court is unwarranted. *See United States v. Searcy,* 132 F.3d 1421 (11th Cir.1998). To allow such a departure on those grounds would undermine the nationwide uniformity that Congress sought to ensure when it promulgated the sentencing guidelines. *See id* at 1422; *see also United States v. Sitton,* 968 F.2d 947 (9th Cir.1992) (no departure available due to disparities between state and federal sentencing schemes); *United States v. Snyder,* 136 F.3d 65 (1st Cir.1998) (federal and state sentencing disparity not a feature justifying departure). This court has likewise joined other circuits in holding that disparate sentencing among federal codefendants was adequately considered by the Sentencing Commission and is therefore not an appropriate ground for departure. See *United States v. Chotas,* 968 F.2d 1193 (11th Cir.1992); *see also United States v. Wong,* 127 F.3d 725 (8th Cir.1997) (disparity in sentences imposed on codefendants not a proper basis for departure); *United States v. Perkins,* 108 F.3d 512 (4th Cir.1997) (same); *United States v. Ives,* 984 F.2d 649 (5th Cir.1993) (same); *United States v. Gallegos,* 129 F.3d 1140 (10th Cir.1997) (departure based on sentencing disparity among codefendants not justified when sentences dissimilar due to plea bargain).

This court has not previously addressed the particular issue of whether departure is appropriate based on disparate federal and state sentences imposed on codefendants. Nevertheless, we find that the rationale in *Searcy* and *Chotas* compels a similar conclusion in this case. Permitting departure based on a codefendant's sentence in state court would seriously undermine the goal of nationwide uniformity in the sentencing of similar defendants for similar federal offenses. *See United States v. Hall,* 977 F.2d 861, 864 (4th Cir.1992); *see also United States v. Reyes,* 966 F.2d 508 (9th Cir.1992) (downward departure based on disparity in federal and state sentences received

3

by co-accused not justified). Accordingly, because the district court abused its discretion in departing from Cornell Willis' applicable guideline range, we vacate his sentence and remand for resentencing in accordance with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.