JOHN C. PORFILIO, Senior Circuit Judge,
dissent.
I respectfully dissent. I believe the court’s interpretation of U.S.S.G. § 2K2.1(b)(2) is fatally flawed because it broadens the scope beyond the guideline’s intended purpose.
If I correctly understand the court’s opinion, it is predicated upon the hypothesis that § 2K2.1(b)(2) draws a distinction between possession and use of a firearm, and although it restricts possession to lawful sporting or collection purposes, it still applies to any use of a firearm that is lawful. Hence, because using a firearm as collateral is not unlawful, defendant’s use of the weapon for that purpose was lawful. The court therefore concludes § 2K2.1(b)(2) should have been employed by the district court in assessing defendant’s sentence. Respectfully, I believe this construction of the guideline ignores its plain meaning, purpose, and scope.
We must start by acknowledging that Congress has made unlawful any possession of a firearm by a person convicted of a felony. 18 U.S.C. § 922(g)(1). Nonetheless, the Sentencing Commission determined that for sentencing purposes, there are circumstances in which possession of a firearm is benign. United States v. Mojica, 214 F.3d 1169, 1172 (10th Cir.2000) (recognizing the intent of the Commission to make punishment proportional to specific illegal conduct). Yet, as we noted in *1257 Mojica, the lenience afforded by the Commission is to be applied only when a firearm is used for sporting or collection purposes.
We conclude that the rule of lenity requires consideration of the guideline in situations in which the defendant is not the sports enthusiast or collector but his possession is solely associated with or related to lawful sporting or collection purposes (i.e., he or she has not used the firearm in a manner inconsistent with those lawful purposes).
Id. at 1174 (emphasis added).
That the use aspect of the guideline is applicable only to possession solely for lawful sporting purposes or collection is a view shared by other circuits. In United States v. Shell, 972 F.2d 548, 552 (5th Cir.1992), a case in which the defendant, as here, was convicted of possession by a felon under 18 U.S.C. § 922(g)(1), the court held that lawful “use” under the guideline, was limited to “sporting” use or collection. Construing §§ 2K2.(b)(l) and (2), the court stated:
Both of the subject guideline provisions recognize that possession of a firearm is a physical fact and is always illegal if the possessor is a felon; but that in addition to the physical fact of possession there is the subjective quality of the possession, determined by the use intended by the possessor. This is better understood by recognizing that the sentencing levels established for the guidelines presume that when the person physically possessing the firearm is a felon the purpose or intended use is nefarious whether it be for armed robbery, aggravated assault, facilitating a drug transaction or the like. The guidelines nevertheless recognize the possibility that éven a felon’s acquisition or possession of a firearm , can be benign when the intended use of the gun is “solely” for one of two purposes that would be lawful were the possessor not a felon: either (1) sporting or recreational use, such as hunting, target practice or competition; or (2)' gun collecting — like hunting or target practice, a specialized use of a gun legitimately acquired or possessed.[1]
The point of this analysis is to make clear that the reduction provisions of the guidelines for felons in possession do not turn on.the axiomatic truism that a felon can never lawfully possess a firearm. Rather, the availability of the reduction turns on the purpose or use for which the firearm is acquired or possessed and the lawfulness of such use if it were to be exercised by a citizen not under any legal disability — lawful hunting, lawful target practice, or lawful gun collecting.
Id. (emphasis in original). See also United States v. Bristow, 110 F.3d 754, 759 (11th Cir.1997) (holding “the district judge lacked authority to depart downward because the Sentencing Guidelines specifically forbid a downward departure for economic reasons,” even though defendant only once had used a lawfully possessed firearm as collateral to pay his debt); United States v. Wilson, 878 F.2d 921, 924 (6th Cir.1989) (where felon possessed firearm as collateral for an unpaid debt, ruling “that under guideline section 2K2.1(b)(2) the only ‘intended lawful use’ which would support a decrease in the offense level is sport or recreation”); United States v. Miller, 224 F.3d 247, 252 (3rd Cir.2000) (rejecting defendant’s argument that he was entitled to a § 2K2.1(b)(2) reduction because, he had possessed the rifle for sporting purposes up until the moment of *1258 the conduct that led to his conviction); United States v. Ramirez-Rios, 270 F.3d 1185, 1187 (8th Cir.2001) (no reduction because defendant possessed gun for self-protection); United States v. Hatpin, 139 F.3d 310, 311 (2nd Cir.1996) (same); United States v. Cousens, 942 F.2d 800, 803 (1st Cir.1991) (same); United States v. Wyckoff, 918 F.2d 925, 928 (11th Cir.1990) (same).
These courts recognize that when the Commission conceived the acts of hunting or collecting to be “benign,” it did not intend to do so for just any “lawful” use of a firearm by a convicted felon. Although the Commission could recognize that benign nature of those acts by moderating the punishment, the language it employed in doing so is quite specific and limited and excludes economic hardship. To hold to the contrary would render the guideline meaningless. Had the Commission intended to make any lawful use of a firearm subject to the reduction, it would not have emphasized “sporting purposes” or “collection.” The Sixth Circuit agrees: “If the Commission had intended to allow for the reduction for any innocent possession, it would not have needed to add the use of ‘collecting’ to the list of lawful uses in section 2K2.2.” Wilson, 878 F.2d at 925.
There is an additional ground upon which I disagree with the court. Citing application note 10 to § 2K2.1(b)(2), the court supports its analysis with the notion the “lawfulness” of the possession is governed by the “surrounding circumstances.” While that is certainly correct, there is nothing contained in application note 10 which suggests those “circumstances” encompass acts in addition to those specified in the guideline itself. Indeed, in reference to application note 10, the Third Circuit has instructed:
In our view, by authorizing the courts to inquire into the “actual use” to which the defendant put the firearms in question, the Sentencing Commission has evinced its intent to extend the relevant inquiry (i.e., whether the defendant possessed all firearms for lawful sporting purposes) to the conduct giving rise to the instant conviction.
United States v. Miller, 224 F.3d 247, 252-53 (3rd Cir.2000).
I believe the court has drawn a faulty distinction between the concepts of use and possession. The only way to do so would be to imply the existence of language not adopted by the Commission in the guideline. Such an interpretation is beyond our capacity. Mojica, 214 F.3d at 1171 (citing 62 Cases, More or Less, Each Containing Six Jars of Jam v. United States, 340 U.S. 593, 596, 71 S.Ct. 515, 95 L.Ed. 566 (1951), for the proposition that the guidelines should be applied “without adding or subtracting words from the statutory language”). To the extent the court believes Mojica mandates a “broad analysis” of the facts and circumstances of the defendant’s use of his weapon, I disagree. Nothing we have said in Mojica or elsewhere permits our straying into consideration of lawful uses other than hunting or collecting when examining the surrounding circumstances.[2]
Although in this case we might regard defendant’s use of his firearm as benign, and thus subject to lenience in sentencing, this is not a judgment for us to make. The defendant’s possession of the firearm was illegal as a matter of law. Whether his use of the gun to secure his payment of *1259 a debt should be regarded as benign and subject to lenient treatment in sentencing is for the Commission to decide in the first instance. I would affirm the judgment of the district court.

. Notwithstanding the fundamental logic employed by the Fifth Circuit, I would not read the guideline to include words not employed by the Commission, such as "target practice or competition.”

. Indeed, we must remember Mojica dealt with a defendant who transported a rifle that his brother obtained to go hunting. Mojica, 214 F.3d at 1170. Thus, the "surrounding circumstance” was that the firearm in his possession was received for hunting — a lawful purpose by definition.