[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15089
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00100-BAE-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS ANTWAN ROBERSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 2, 2015)


Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Travis Antwan Roberson appeals his 96-month sentence, imposed above the guideline sentence of 60 months, after pleading guilty to one count of carrying firearms during or in relation to drug trafficking in violation of 18 U.S.C. § 924(c). On appeal, Roberson argues that the district court did not properly explain its reasoning in imposing the upward variance and that his sentence is substantively unreasonable in light of the factors contained in 18 U.S.C. § 3553(a).  He argues that his sentence created an unwarranted sentence disparity between himself and his similarly situated co-conspirator, Caitlin Pool, who was sentenced in state court.  Upon review of the record and consideration of the parties' briefs, we affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007).  The party challenging the sentence carries the burden to show substantive unreasonableness in light of the record and the factors contained in 18 U.S.C. § 3553(a).  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

In reviewing the reasonableness of a sentence, we first ensure that the district court committed no significant procedural error and then examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  Generally, when the district court considers the factors of § 3553(a), it need not discuss each of them.  *United*

2

*States v. Talley*, 431 F.3d 784,786 (11th Cir. 2005), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007).  An acknowledgment by the district court that it has considered the defendant's arguments and the factors in § 3553(a) is sufficient.  *Id.*

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Garza-Mendez*, 735 F.3d 1284, 1290 (11th Cir. 2013), *cert. denied*, 135 S.Ct. 54 (2014).  A court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  While unjustified reliance on a single § 3553(a) factor may be a symptom of an unreasonable sentence, such a sentence is not necessarily unreasonable.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

Roberson's 96-month sentence is reasonable.  The district court did not make any procedural errors in its explanation of its reasoning in imposing an upward variance above the guideline sentence.  Further, Roberson does not meet his burden of proof in showing that the district court abused its discretion when weighing the factors contained within 18 U.S.C. § 3553(a).  *See Tome*, 611 F.3d at 1378.  While the district court did attach significant weight to Roberson's criminal

history, the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *Garza-Mendez*, 735 F.3d at 1284.

Finally, Roberson has not demonstrated that his sentence violates § 3553(a)(6) in light of the sentence the state court imposed on Roberson's co-conspirator, Pool. Pool's conviction was never introduced into the record before the district court, and as such, we decline to consider this evidence on appeal. *See CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000) ("We rarely enlarge the record on appeal to include material not before the district court which has labored without the benefit of the proffered material."). Even assuming, *arguendo*, that Pool's conviction were in the record, Roberson has not demonstrated that her culpability is similar to his. Moreover, it is clear she is not similarly situated to Roberson, a federal defendant, for purposes of 18 U.S.C. § 3553(a)(6). *See United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009). Section 3553(a)(6) only addresses unwarranted disparities in sentences among federal defendants. *Id.* (citing *United States v. Willis*, 139 F.3d 811, 812 (11th Cir. 1998)).

Accordingly, we affirm the sentence as reasonable.[1]

**AFFIRMED.**

---

[1]    We reject Roberson's remaining arguments without need for further discussion.