**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Willie Frank WYCKOFF,
Defendant–Appellant.**

No. 89–7937
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 1990.

Jacob Walker, III, Opelika, Ala., for defendant-appellant.

James Eldon Wilson, U.S. Atty., Charysse L. Alexander, Kent B. Brunson, Asst. U.S. Attys., Andrew W. Redd, State of Ala., Dept. of Corrections, Harry A. Lyles, Montgomery, Ala., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant Wyckoff brings this appeal pursuant to 18 U.S.C. §§ 3742(a)(1) and 3742(a)(2), contending that the district court incorrectly applied the Sentencing Guidelines and imposed a sentence which fails to meet the criteria of 18 U.S.C. § 3553(a). Specifically, appellant contends that the district court erred (1) by scoring the criminal history factors under U.S.S.G. §§ 4A1.1(a) and 4A1.1(e) since the prior felony conviction is included in his base offense level for unlawful possession of a firearm by a convicted felon under § 2K2.1; and (2) by declining to reduce his offense level by four pursuant to § 2K2.1(b)(2) for possession of a firearm solely for sport or recreation. We affirm.

## FACTS

On August 13, 1988, officers with the Tallapoosa County Sheriff's Department responded to a disturbance call. When the officers arrived on the scene, they observed appellant with a high powered hunting rifle in his hand. The officers asked appellant to relinquish the rifle and appellant refused. Three officers then wrestled the rifle from him. The rifle was loaded with six rounds; a box in appellant's vehicle contained another fourteen rounds. On July 26, 1989, appellant pled guilty to a one count indictment for violation of 18 U.S.C. § 922(g)(1).[1] Appellant's qualifying sentence of four years' imprisonment arose from a 1984 conviction for receiving stolen property.

Pursuant to U.S.S.G. § 2K2.1(a),[2] the probation officer calculated his total offense level to be seven: base offense level of nine minus two for acceptance of responsibility. Pursuant to §§ 4A1.1(a)–(e), the probation officer calculated appellant's criminal history score to be eight: three points for the sentence imposed for receiving stolen property, (§ 4A1.1(a)); two points for carrying a concealed weapon, (§ 4A1.1(b)); one point for driving under the influence, (§ 4A1.1(c)); and two points for committing the instant offense less than two years after release from imprisonment on a sentence counted under § 4A1.1(a) or (b), (§ 4A1.1(e)).

At the sentencing hearing, appellant's attorney explained that immediately prior to the officers' arrival, appellant got into a scuffle with another party who hit appellant on the head with a bat. His attorney argued that appellant fought with the arresting officers because he was disoriented after being hit. Appellant also maintained that the hunting rifle was a gift for his father and the sole purpose for obtaining and possessing the rifle was for sport or recreation. Appellant admitted, however, that "[t]he reason I had the gun in my possession me and the guy already got in a fight." The court declined to reduce appellant's offense level by four levels pursuant to § 2K2.1(b)(2) for possession of a firearm for sport or recreation.

## DISCUSSION

A. Double Counting Under the Guidelines.

■ The issue of double counting under U.S.S.G. § 2K2.1 is one of first impression in this circuit. Appellant argues that since his prior sentence of imprisonment for re-

---

1. This section makes it unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... [to] possess in or affecting commerce, any firearm or ammunition."

2. Section 2K2.1 was amended effective November 1, 1989; however, since Wyckoff committed his offense prior to that date, the amendment does not apply in his case.

ceiving stolen property served as the qualifying or predicate element for the crime itself, it constitutes impermissible double counting to factor that same sentence into his criminal history score under § 4A1.1(a). On the same basis, he argues that his sentence for receiving stolen property cannot be considered under § 4A1.1(e). Appellant notes that this question is similar to that raised in escape cases under U.S.S.G. § 2P1.1(a)(1) and urges this court to follow the reasoning in *United States v. Bell,* 716 F.Supp. 1207, 1209–12 (D.Minn.1989) (application of § 4A1.1(d) in escape case results in double counting because defendant cannot commit offense unless under criminal justice sentence). In *United States v. Goolsby,* 908 F.2d 861 (11th Cir.1990), this court rejected the reasoning in *Bell* and instead followed that of the six other circuits that have considered the question. The circuit courts have unanimously concluded that application of § 4A1.1(d) in escape cases does not result in double counting. *Id.* at 863 n. 2 (citing cases). The reasoning is much the same here.

There are two aspects to our inquiry. First, we must determine whether the Commission intended the result about which appellant complains. Second, assuming the Commission intended that result, we must determine whether it is permissible. As noted in *Goolsby, id.* at 863, the offense level and criminal history scores embody distinctly separate notions related to sentencing. Whereas the offense level reflects the seriousness of the offense adjusted for relevant conduct, *United States v. Scroggins,* 880 F.2d 1204, 1209 (11th Cir. 1989), the criminal history score reflects an assessment of the individual and "the need to increase his sentence incrementally to deter him from further criminal activity." *Id.* at 1210. Where the Commission intended to exclude certain elements from increasing a sentence, it expressly so states. *See, e.g.,* U.S.S.G. §§ 3A1.1, 3B1.3, 3C1.1. Thus, it appears the Commission intended the result appellant here challenges.

Having found that the Commission intended the court to consider appellant's prior sentence in determining his criminal history score under § 4A1.1(a), we must consider whether application of that section to the predicate offense under § 2K2.1 is permissible. Section 2K2.1 establishes the offense level for a number of different crimes related to firearms and ammunition defined under 18 U.S.C. § 922 and 26 U.S.C. § 5861.[3] For example, 18 U.S.C. § 922(g)(7) makes possession of a firearm unlawful for any person "who, having been a citizen of the United States, has renounced his citizenship"; absent upward adjustment for prior criminal history pursuant to § 4A1.1(a), § 2K2.1(a) imposes a base offense level of nine for unlawful firearm possession. It would not be unreasonable or irrational for the Commission, under § 4A1.1(a), to fashion a more severe sentence in the case of a person who has been sentenced to a term of imprisonment in excess of one year than in the case of a person who has renounced his citizenship. The adjustment under these circumstances logically should occur as part of the criminal history calculation. The Commission instead could have chosen to specify a different offense level for each category listed in 18 U.S.C. §§ 922(g)(1)–(7). Congress gave the Commission broad discretion to fashion the sentencing guidelines and to determine appropriate sentences for a myriad of crimes and circumstances. 28 U.S.C. §§ 994(a)(1), 994(c), 994(m). Nothing here indicates that the Commission has failed to carry out its statutory mandate in this regard. We conclude, therefore, that application of § 4A1.1(a) to the predicate offense under § 2K2.1 (18 U.S.C. § 922(g)(1)) does not constitute double counting.

Appellant's double counting argument with respect to § 4A1.1(e) is equally without merit. The purpose of this criminal history factor is to "implement[ ] one measure of recency." § 4A1.1, Background. This implements the Commission's reasonable and rational conclusion that those who recently committed a crime should be punished more severely. This consideration is

---

**3.** Appellant violated 18 U.S.C. § 922(g)(1).

distinctly different from that under § 2K2.1. This section, insofar as it considers a prior sentence, is concerned only with the fact that a court imposed a qualifying sentence. Section 4A1.1(e), on the other hand, is concerned with how recently that sentence was imposed. Application of § 4A1.1(e) to appellant's criminal history score does not constitute double counting.

## B. Possession for Sport or Recreation?

 Appellant alleges that he should have received the benefit of the four level reduction for possession of a firearm solely for sport or recreation pursuant to U.S.S.G. § 2K2.1(b)(2). As an initial matter, we note that appellant must establish by a preponderance of the evidence that he possessed the rifle for sport or recreation. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir.1989). *See United States v. Rodriguez*, 896 F.2d 1031, 1032–33 (6th Cir. 1990) (defendant bears burden of proof for facts supporting downward adjustment; standard is preponderance of the evidence). Additionally, the district court's factual findings will be accepted on appeal unless clearly erroneous. *United States v. Carrillo*, 888 F.2d 117, 118 (11th Cir.1989); 18 U.S.C. § 3742(e).

Application Note 1 to § 2K2.1(b)(2) states that "intended lawful use" should be "determined by the surrounding circumstances." We note, as did the district court, that appellant was carrying a loaded high powered hunting rifle in August. Appellant has articulated no reason consistent with this adjustment for his carrying a loaded hunting rifle at a time of year when hunting is not in season. Appellant also admitted at the sentencing hearing that he had the weapon in his possession because he had gotten into a fight with the same individual on a prior occasion. Self-defense or self-protection is not sport or recreation. Finally, appellant refused to turn the rifle over to police when they arrived on the scene. The district court's finding that appellant did not possess the rifle solely for sport or recreation is not clearly erroneous and therefore will not be disturbed on appeal. *See United States v. Smeathers*, 884 F.2d 363 (8th Cir.1989) (actual use, as well as intended use, relevant to whether defendant qualifies for downward adjustment); *United States v. Wilson*, 878 F.2d 921, 924 (6th Cir.1989) (possession of firearm as collateral not for sport or recreation; adjustment does not cover all innocent possessions).

AFFIRMED.