[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13403
Non-Argument Calendar

_____

D. C. Docket No. 04-00047-CR-01-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES HAROLD INGRAM, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 13, 2006)**

Before BARKETT, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

James Harold Ingram appeals his 24-month concurrent sentences, imposed

pursuant to his guilty plea for possession of firearms (four rifles) by a convicted felon, in violation of 18 U.S.C. § 922(g), and possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). On appeal, he argues that the district court clearly erred by denying him a lawful sporting purposes reduction pursuant to U.S.S.G. § 2K2.1(b)(2), and further argues that his sentence is unreasonable because the district court did not adequately consider his need for rehabilitation under 18 U.S.C. § 3553(a).

## I.

According to the presentence investigation report ("PSI"), the Bureau of Alcohol, Tobacco, and Firearms ("ATF") received information from five cooperating sources--one of which was undercover surveillance--that Ingram actively possessed and distributed liquor and narcotics and possessed multiple firearms, including handguns, rifles, and shotguns, in his Blue Ridge, Georgia residence. Ingram's property included four houses: he and his wife lived in one; his son lived in another; a man named Gerald lived in the third; and the last was a "transient" house from which people would constantly come and go, often leaving soon after arriving, and driving with no headlights on at night. One of the cooperating sources reported seeing moonshine and brandy liquor in Ingram's basement, but never saw any firearms. Another cooperating source reported

2

trading Ingram a .22 caliber rifle in exchange for one-half gallon of liquor and $150 and seeing Ingram in possession of handguns and long guns. A different cooperating source reported that: (1) she or he had been purchasing Ingram's homemade liquor for approximately 20 years; (2) Ingram was mainly a marijuana user and distributor; and (3) Ingram possessed a "small arsenal" of weapons, including handguns and long guns, which he stored throughout the residence. An undercover cooperating source met with Ingram and noted that Ingram wore a firearm on the waistband of his pants while he offered to sell the source homemade liquor and marijuana.

Following these reports, investigative agents searched Ingrams's property and found four rifles: (1) a Marlin, model 25 M, .22 caliber; (2) a Marlin, model 60, .22 caliber; (3) a Marlin, model 366CS, .35 caliber; and (4) a Remington, model 552 Speedmaster, .22 caliber. The agents also found an ammunition container holding 608 grams of marijuana, various containers of distilled liquor, $4,162 in U.S. currency, and over 750 rounds of ammunition, including 17 rounds of .22 caliber ammunition and 6 rounds of .35 caliber ammunition.

The court denied Ingram's motion for reduction, noting that Ingram had pled guilty to both drugs and firearms charges, had sold substantial amounts of marijuana for "a long, long time," and was an habitual offender with an extensive

criminal record. (Id. at 20). With respect to § 3553(a), the court stated:

> deterrent factors to the public and to the individual himself are factors. In this instance, I consider the protection of society or the protection of the community as a serious factor. All of the factors set forth in the statute are – probably except for rehabilitation. I'm not sure rehabilitation is a factor at all to be considered. The person – he's still a young man, much, much younger than I. . . .
> . . . I think that at his age and with his background, that rehabilitation's not a factor we think much about.

We review a district court's determination of a defendant's entitlement to a § 2K2.1(b)(2) reduction only for clear error. United States v. Wyckoff, 918 F.2d 925, 928 (11th Cir. 1990). Under the facts of this case, the district court did not clearly err in denying him the reduction under § 2K2.1(b)(2).

## II.

We also reject Ingram's argument that his sentence must be vacated because it was not reasonable. In imposing a sentence, the district court must consider the Guidelines and the factors set forth in § 3553(a). We have held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Nonetheless, it is clear from this record that the district court adequately considered all the § 3553(a) factors and appropriately considered Ingram's

4

argument regarding his need for rehabilitation, it did not err in imposing the 24-month concurrent sentences.

**AFFIRMED.**