[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2010
JOHN LEY
CLERK

No. 09-14888
Non-Argument Calendar

_____

D. C. Docket No. 08-00038-CR-BAE-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ASHLEY SHAWN TRAFFICANTI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 3, 2010)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Ashley Trafficanti appeals his 43-month sentence for possession of a firearm

by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Trafficanti makes four arguments. First, he contends that his sentence was both procedurally and substantively unreasonable. Second, he contends that his base offense level should have been reduced to six under U.S.S.G. § 2K2.1(b)(2) (Nov. 2008) because he possessed firearms solely for lawful hunting and sporting purposes. Third, he argues that his base offense level should have been increased by two levels instead of four under § 2K2.1(b)(1) because he is responsible for only four firearms and not thirteen. Fourth, he asserts that the district court erred by refusing to award him a two-level reduction for acceptance of responsibility.

I.

When reviewing sentences for reasonableness, we apply an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007); United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). The district court must impose a sentence that is both procedurally and substantively reasonable. Gall, 552 at 50, 128 at 597. We "first ensure that the district court committed no significant procedural error." Id. at 51, 128 S. Ct. at 597. For example, we consider whether the district court failed to calculate or incorrectly calculated the guidelines, treated the guidelines as mandatory, failed to consider the § 3553(a) factors, based a sentence on clearly erroneous facts, or failed to

2

adequately explain the chosen sentence, including any variance from the advisory guidelines range.  See id., 128 S. Ct. at 597.

If the sentence is procedurally reasonable, we review its substantive reasonableness under the totality of the circumstances, including "the extent of any variance from the Guidelines range."  Id.  "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  Id.  The district court may choose from a range of reasonable sentences, and the party challenging the sentence has the burden of showing that it is unreasonable in the light of the record and the § 3553(a) factors.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The presentence report calculated Trafficanti's base offense level as 14 under U.S.S.G. § 2K2.1(a)(6).  That was increased by 4 levels under § 2K2.1(b)(1)(B) because the offense involved 13 firearms.  With a total offense level of 18 and a criminal history category of I,  the presentence report calculated Trafficanti's guidelines range of imprisonment as 27 to 33 months.  The statutory maximum for his offense is 10 years imprisonment.  The probation officer recommended a 43-month sentence, which the district court imposed.

Trafficanti contends that the district court relied on impermissible factors to impose an upward variance.  He argues that the court should not have considered

3

the conduct of Trafficanti's wife, Mrs. Melissa Trafficanti, during the investigation. The presentence report details Mrs. Trafficanti's conduct during the search of the Trafficantis' residence and business.[1]  Officers had search warrants for both locations.  Trafficanti's former stepfather, Timothy Lee, was at the residence when it was searched.  The officers found eleven firearms and multiple rounds of ammunition there, and during the course of that search, some of the officers went to Trafficanti's business, an all terrain vehicle repair shop.  They found Trafficanti and his wife asleep in an apartment behind the business.  When they entered the apartment, they saw a twelve-gauge shotgun in the corner of the bedroom.  They did not search the apartment at that time, and they took the Trafficantis' to their residence where the other search was still in progress.

After the Trafficantis arrived at their residence, the investigator overheard Mrs. Trafficanti speaking to someone on her cell phone.  She told the person to remove the firearm from the apartment behind the repair shop.  Mrs. Trafficanti testified at the sentence hearing, and she admitted that she had directed someone to remove that firearm.  Trafficanti argues that the district court plainly erred by relying on its finding that Mrs. Trafficanti "attempt[ed] to intervene in the instant investigation and that she had not been "forthright during the course of the

---

[1]The district court accepted the facts in the presentence report and in the addendum to that report.

4

probation officers' investigation." He points out that the probation officer never even interviewed Mrs. Trafficanti, so the district court erred by concluding that she was not "forthright" during the probation officer's investigation. Trafficanti also asserts that he did nothing to urge his wife to intervene in the investigation, and he should not be punished for her conduct.

Because Trafficanti challenges these findings for the first time on appeal, we review them only for plain error. See United States v. Phillips, 287 F.3d 1053, 1054 (11th Cir. 2002). "We will correct plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding." Id. at 1055.

Even though the presentence report does not indicate that the probation officer interviewed Mrs. Trafficanti, an addendum to the report in response to Trafficanti's objections states: "The probation officer also feels compelled to point out that during the search of the defendant's home, the defendant's wife contacted someone at the business and asked them to obstruct the investigation by removing the firearm that was located at the business. While the probation officer does not contend that such amounts to obstruction of justice, it is an important factor to consider when contemplating the veracity of Trafficanti's argument." The

probation officer's statement refers to Trafficanti's argument that he should be held responsible for possession of only 4 firearms instead of 13. The probation officer also pointed out that Mrs. Trafficanti "now claims ownership of some of the guns" but that she had initially "advised officers that she had purchased at least five of the guns as gifts for Trafficanti." Even though the probation officer did not personally interview Mrs. Trafficanti, his addendum to the presentence report did address her interference in the investigation and her lack of candor with investigators. Thus, based on the probation officer's statements and Mrs. Trafficanti's testimony at the sentence hearing the district court did not err in finding that her conduct was less than "forthright."

Furthermore, the district court never indicated that it held Trafficanti responsible for his wife's attempt to interfere with the investigation. Instead, the court mentioned her interference in the context of considering the § 3553(a) factor of deterrence. At the sentence hearing the court explained to Trafficanti:

> In considering the variance, the Court has considered that your wife's attempt to intervene in the instant investigation—and I do not believe that she has been forthright during the course of the probation officer's investigation—given all these facts, the Court has imposed a sentence that is more likely to serve as a deterrent to you than a sentence imposed on the advisory guidelines.

The court went on to say: "I am conscious of your cavalier attitude. You've always been able to talk your way out of things. It is obvious. So the imposed sentence

6

hopefully will more effectively protect the public from other crimes."

Trafficanti's sentence is procedurally reasonable. The district court did not base the sentence on clearly erroneous facts. The court correctly calculated the advisory guidelines. It also considered the § 3553(a) factors and adequately explained why it imposed a variance. The court emphasized that Trafficanti's criminal history category did not adequately reflect his past misconduct. The court specifically noted that "on at least two occasions, while a convicted felon, [Trafficanti was] found in possession of firearms, yet [he was] never charged with that criminal conduct."[2]

As for substantive reasonableness, even though Trafficanti's 43-month sentence was higher than the 27–33 month advisory guidelines range, it was still far less than the statutory maximum of 10 years imprisonment. The court stated that an

---

[2]The presentence report showed that at the age of thirty-three Trafficanti had six prior convictions, and two of them were felonies, but they added no criminal history points. His first conviction was for entering an automobile with intent to commit theft when he was eighteen years old. He pleaded guilty and was sentenced to 3 years probation, which was later revoked. At age twenty he pleaded guilty to criminal trespass and was sentenced to 12 months probation. At twenty-one he pleaded guilty to possession of a firearm by a First Offender Act probationer and was sentenced to 1 year of confinement. At age twenty-five he pleaded guilty to obstruction of a law enforcement officer and was sentenced to 12 months probation. His other two convictions, which occurred when he was twenty-nine years old, involved firearms violations. In 2004 a Georgia Department of Natural Resources officer found Trafficanti in possession of a loaded firearm while in a wildlife management area, and Trafficanti forfeited a $185 bond. Also in 2004 Trafficanti pleaded guilty to charges of hunting from a vehicle and hunting big game from a public road. Trafficanti was ordered to pay a $342.50 fine.

above-the-guidelines sentence was more likely to deter Trafficanti from committing future crimes. It reasoned that a 43-month sentence was appropriate in light of the guidelines, the § 3553(a) factors, and Trafficanti's significant criminal history, including firearms violations.

"[W]e are not left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Clay, 483 F.3d 739, 747 (11th Cir. 2007) (quotation marks omitted). Trafficanti has not shown the district court abused its discretion by sentencing Trafficanti above the guidelines range.

## II.

Trafficanti contends that he possessed all of the firearms and ammunition solely for lawful hunting and sporting purposes, so his base offense level should have been 6 under U.S.S.G. § 2K2.1(b)(2).[3] A defendant bears the burden of establishing by the preponderance of the evidence that he possessed firearms solely for sport or recreation. See United States v. Wyckoff, 918 F.2d 925, 928 (11th Cir.

_____

[3]That section provides that if the defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition," the base offense level should be decreased to 6. U.S.S.G. § 2K2.1(b)(2) (emphasis added).

1990); see also United States v. Caldwell, 431 F.3d 795, 800 (11th Cir. 2005) ("[A] defendant must possess the firearm solely for sporting purposes to qualify for a reduction under U.S.S.G. § 2K2.1(b)(2)."). "[T]he district court's factual findings will be accepted on appeal unless clearly erroneous." Wycoff, 918 F.2d at 928.

To determine the intended use of the firearm, a court should consider all surrounding circumstances. Id. "Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." U.S.S.G. § 2K2.1 cmt. n.6.

The presentence report attributed to Trafficanti 183 rounds of ammunition and thirteen firearms, including two handguns. Further investigation revealed that Trafficanti had sold one of the handguns to another person. Seven of the firearms that were seized were loaded. Eleven firearms were found at that Trafficanti's residence and, although some were in a gun cabinet, the rest of them were out in the corners of rooms. In the Trafficantis' apartment officers found a loaded shotgun in the corner of the bedroom where Trafficanti and his wife had been sleeping.

The location of the guns reasonably suggests that they were kept for self-protection purposes, rather than solely for hunting. See Wyckoff, 918 F.2d at

9

928. Furthermore, Investigator Kevin Keyfauver, who testified at the sentence hearing, stated that in his experience handguns like Trafficanti's Ruger 9 millimeter normally were not used for hunting purposes. Trafficanti relies on the testimony of Mrs. Trafficanti and his former stepfather, Timothy Lee, who both testified that the firearms were used solely for hunting purposes. During the sentence hearing, however, the district court found that Lee's testimony was not credible and Mrs. Trafficanti's testimony was "somewhat dubious." By contrast, the court found that Keyfauver's testimony was "credible" and that Keyfauver was "knowledgeable" and was "not overcharging." "Appellate courts reviewing a cold record give particular deference to credibility determinations of a fact-finder who had the opportunity to see live testimony." Owens v. Wainwright, 698 F.2d 1111, 1113 (11th Cir. 1983). Although the record indicates that Trafficanti may have possessed some firearms for the purpose of hunting, he has not shown that the district court clearly erred by finding that he did not possess all of his ammunition and firearms solely for lawful sporting purposes. See Wyckoff, 918 F.2d at 928.

### III.

Trafficanti contends that under § 2K2.1(b)(1) his base offense level should have been increased by two levels instead of four because he is responsible for four

10

firearms and not thirteen.[4]   To support his argument, Trafficanti relies on the testimony of Lee and Mrs. Trafficanti that Trafficanti did not own all of the recovered firearms.  As we have already discussed, the district court credited Investigator Keyfauver's testimony and found that the testimony of the other two witnesses was not entirely credible.  Keyfauver testified that, when he searched Trafficanti's home, Lee told him that the recovered guns belonged to Trafficanti.  During his interview with Keyfauver, Trafficanti never denied owning the firearms, and instead he explained why he believed he was allowed to possess them.

Furthermore, to establish a § 922(g) violation, "[t]he government need not prove actual possession in order to establish knowing possession; it need only show constructive possession through direct or circumstantial evidence."  United States v. Beckles, 565 F.3d 832, 841 (11th Cir. 2009) (quotation marks omitted).  "Constructive possession exists when the defendant exercises ownership, dominion, or control over the item or has the power and intent to exercise dominion or control."  Id. (quotation marks omitted).  The evidence showed that Trafficanti was the owner of the residence where eleven firearms were found and that mail was sent to him at that address.  Even though Lee was staying at that residence, the district

---

[4]That section provides that if the offense involved three to seven firearms, the base offense level should be increased by 2, and if it involved eight to twenty-four firearms, the offense level should be increased by 4.  U.S.S.G. § 2K2.1(b)(1)(A), (B).

court did not clearly err by finding that Trafficanti had constructive possession of the firearms located there and that a 4-level increase in his base offense level was justified under § 2K2.1(b)(1)(B).

IV.

Trafficanti contends that the district court erred by refusing to award him a two-level reduction for acceptance of responsibility. "We review a denial of a reduction of sentence for an acceptance of responsibility for clear error, and that finding is entitled to great deference on review and should not be disturbed unless it is without foundation." United States v. Knight, 562 F.3d 1314, 1322 (11th Cir. 2009) (quotation marks omitted). The guidelines provide for a two-level decrease in a defendant's base offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999). Entering a guilty plea before trial "combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct . . . will constitute significant evidence of acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.3. However, "[a] defendant who falsely denies, or frivolously contests, relevant conduct that the court

determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id. § 3E1.1, cmt. n.1(a).

In the present case, despite the evidence indicating that Trafficanti possessed the thirteen recovered firearms, he maintained throughout the proceedings that he only possessed four of them. The presentence report characterized Trafficanti's ongoing objection to the number of firearms attributed to him as "frivolous," and the district court accepted those findings. Furthermore, the addendum to the presentence report, which the district court also accepted, stated that Trafficanti had been uncooperative in providing requested financial documents. Trafficanti has failed to show that the record lacks foundation for the district court's denial of a reduction of his sentence for an acceptance of responsibility.

**AFFIRMED.**