[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15371
Non-Argument Calendar
_____

D. C. Docket No. 1:11-cr-00305-WSD-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOISES CASTANON-CHADNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 7, 2012)

Before CARNES, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Moises Castanon-Chadnes appeals his 46-month sentence, imposed after he pleaded guilty to reentering illegally the United States after being deported subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2).  No reversible error has been shown; we affirm.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in [18 U.S.C.] § 3553(a) support the sentence in question." United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).[1]  We do not apply "a presumption of reasonableness" to sentences within the guideline range. United States v. Phaknikone, 605 F.3d 1099, 1107 (11th Cir.), cert. denied, 131 S.Ct. 643 (2010).  But we "ordinarily expect" a within-guideline sentence to be reasonable, and will only remand for resentencing if the district court committed a

---

[1] Under section 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in section 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's further crimes.  18 U.S.C. § 3553(a)(2).  Other factors to be considered in imposing a sentence include the nature and circumstances of the offense, the history and characteristics of the defendant, the available sentences, the applicable guideline range, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims.  Id. § 3553(a)(1), (3)-(7).

"clear error of judgment" in weighing the section 3553(a) factors. Gonzalez, 550 F.3d at 1324 (quotation omitted).

Here, the district court correctly determined that Castanon-Chadnes's prior conviction in a Georgia court for statutory rape constituted a crime of violence. A defendant is subject to a 16-point increase in his offense level if he previously has been deported after being convicted of a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2011). "Statutory rape" is listed as a "crime of violence" under section 2L1.2. Id. § 2L1.2 cmt. n.1(B)(iii). Castanon-Chadnes argues that his prior conviction for statutory rape should not be considered a "crime of violence" because it did not involve the kind of physical force required to qualify as a crime of violence. Still, "[i]t is well settled that a felony conviction for an enumerated offense qualifies as a 'crime of violence' under § 2L1.2, whether or not the use of physical force is an element of the crime." United States v. Palomino Garcia, 606 F.3d 1317, 1327 (11th Cir. 2010); see also U.S.S.G. App. C, amend. 722 (Enumerated offenses "are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.").[2]

---

[2] Castanon-Chadnes's argument -- that the district court erred by applying a 16-level enhancement to his offense level and a 2 point increase to his criminal history score based on his single prior statutory rape conviction -- is without merit. We have repeatedly rejected this kind of "double

3

Castanon-Chadnes also argues that his sentence was unreasonable because it was greater than necessary to achieve the sentencing goals of section 3553(a), thereby violating the so-called "parsimony principle."  We disagree.  In the light of Castanon-Chadnes's prior conviction for statutory rape and his subsequent illegal reentry into the United States after a prior deportation, the district court could reasonably determine that nothing less than 46 months would suffice to deter him from committing future crimes and that a within-guideline sentence was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public.  See 18 U.S.C. § 3553(a)(2)(A)-(C).  Notably, the "weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court."  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

In this case, the district court's sentence of 46 months' imprisonment fell at the low-end of the guideline range of 46 to 57 months; and we ordinarily expect such a sentence to be reasonable.  See Gonzalez, 550 F.3d at 1324.  In addition, the 46-month sentence was well below the 20-year statutory maximum for

---

counting" argument.  See e.g., United States v. Wyckoff, 918 F.2d 925, 927-28 (11th Cir. 1990) (noting that, the Sentencing Commission intended the results that flow from the implementation of their guidelines, and recognized that the offense level and the criminal history category represent two distinct ideas, each of which are to be evaluated and calculated separately).

4

Castanon-Chadnes's offense.  See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).

Finally, Castanon-Chadnes contends that this Court has affirmed downward variances in other cases dealing with less compelling defendants charged with more serious crimes.  While that may be so, such cases do not imply that a downward variance was required in this particular case, as the district court had broad discretion to impose an individualized sentence that lay within "the range of reasonable sentences dictated by the facts of the case."  Gonzalez, 550 F.3d at 1324; United States v. Shaw, 560 F.3d 1230, 1241 (11th Cir. 2009) (stating that this Court's affirmance of lesser variances in other cases did not warrant a reversal of a greater variance in the instant case).

In sum, the district court did not abuse its discretion in determining that the section 3553(a) factors warranted a within-guideline sentence of 46 months.  See 18 U.S.C. § 3553(a)(1)-(2); Clay, 483 F.3d at 743.

AFFIRMED.

5